UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANGE RAM,<br>Petitioner,<br>v.<br>WARDEN CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-09410-DAD-CSK<br><br><u>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

On November 16, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner also filed a motion for temporary restraining order (Doc. No. 2).

On November 16, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In that order, the court directed that if respondent opposed the court ruling on the underlying petition based on the current briefing before it,

/////

respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On November 18, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 6.) Therein, respondent states that petitioner is detained pursuant to § 1226(a). (*Id.* at 1.) Respondent attaches to its opposition a form I-213, which reflects that petitioner was previously encountered by Border Patrol on or about April 4, 2023 before being re-detained on November 10, 2026. (Doc. No. 9-1 at 3.) Respondent concedes that "this case is not distinguishable from those cited in the [c]ourt's order." (Doc. No. 6 at 1.) Further, respondent does not oppose the court deciding this case on the merits based upon the briefing currently before it, and the court will do so.

In light of petitioner's prior detention and re-detention, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025). Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's first amended petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Mange Ram, A-File No. 246-259-280, from respondent's custody on the same conditions he was subject to prior to her recent re-detention;
   b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting her *habeas* relief;

/////

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **November 19, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE